CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 02 2011

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARCUS WINSTEAD, | ) | CASE NO. 7:11CV00247 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| WARDEN CHRISTOPHER ZYCH, | ) | |
| ET AL., | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| Defendant(s). | ) | |

Marcus Winstead, a Virginia inmate proceeding pro se, filed a pleading styled as a "MOTION FOR INJUNCTIVE RELIEF," which the court construed and conditionally filed as a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In his complaint, Winstead alleges that unknown prison officials at the United States Penitentiary Lee County ("USP Lee") used excessive force and are now threatening to bring unjustified disciplinary charges. He seeks a permanent injunction "baring issuance of any additional disciplinary reports or incident reports (infractions), and/or related punishments, directly or remotely related [to the altercation]" and ordering his immediate release from the segregation unit. After review of his allegations, the court concludes that his motion for interlocutory injunctive relief must be denied.[1]

---

[1] By separate order, the court will allow Winstead an opportunity to provide additional documentation as required if he wishes to proceed with this civil rights action to seek other forms of relief.

**I**

Briefly summarized, Winstead alleges the following sequence of events. On April 15, 2011, officers asked him to submit to a random breathalyzer test and when he questioned the cleanliness of the mouthpiece, ordered that he taken to the lieutenant's office. On the way, without provocation, officers twisted Winstead's arm, took him to the floor, where he struggled to make them stop twisting his ears and poking fingers in his eyes. They also "press[ed] their weight down on [his] legs so as to cause injury or tremendous pain." Once officer returned him to his cell, they banged his head into the wall, "causing [him] to almost l[ose] consciousness and slide down the wall." He was not examined by medical staff, although the warden ordered staff to take photographs of his injuries later that same day.

After this altercation, officials charged Winstead with a minor disciplinary infraction for refusing the breathalyzer test. He alleges, however, that "there was a push to have [Winstead] rec[eive] a disciplinary report and sanctions for an assault on an officer." According to Winstead, such charges could result in a separate prosecution in federal court or a transfer to another prison.

**II**

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial,[2] the party seeking the preliminary injunction must demonstrate that: (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest."

---

[2] Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that petitioner is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374 (2008). A showing of a "strong possibility" of harm is insufficient, because the standard requires a showing that harm is "likely." Id. Each of these four factors must be satisfied before interlocutory injunctive relief is warranted. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated by, remanded by, cert. granted, 130 S. Ct. 2371 (2010), reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010).

Winstead bases his request for immediate injunction on the allegations in his complaint. However, he alleges no specific facts in support of his conclusory assertion that officers are seeking to bring additional charges against him in connection with the April 15, 2011 incident. Therefore, he fails to demonstrate that such charges are imminent or that he would suffer any irreparable harm as a result of being charged. Moreover, he also fails to demonstrate that he will suffer irreparable harm from remaining in segregated confinement for administrative reasons, as the investigation continues or that he is likely to succeed on a claim that his continued confinement in the SHU violates his constitutional rights. See, e.g., Sandin v. Conner, 515 U.S. 472, 486-87 (1995) (finding no federal due process right associated with segregated confinement imposed in conjunction with disciplinary infraction). As his allegations thus fail to satisfy one or more of the four of the necessary elements for interlocutory injunctive relief, the court will deny Winstead's motion for such relief. An appropriate order will be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 2·4 day of June, 2011.

United States District Judge

3